**Fill in this information to identify the case:**

Debtor 1  Joanne Wendel
Debtor 2
(Spouse, if filing)
United States Bankruptcy Court   **Northern District of Illinois**
Case number: 18-28320

FILED
U.S. Bankruptcy Court
Northern District of Illinois
11/15/2018
Jeffrey P. Allsteadt, Clerk



EXHIBIT A

## Official Form 410
## Proof of Claim

Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy make a request for payment of an administrative expense. Make such a request according to 11 U.S.C. § 503.

**Filers must leave out or redact** information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. **Do not send original documents;** they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

Fill in all the information about the claim as of the date the case was filed. That date is on the notice of bankruptcy (Form 309) that you received.

### Part 1: Identify the Claim

**1. Who is the current creditor?**
Lake Barrington Shores Condominium Six HOA
Name of the current creditor (the person or entity to be paid for this claim)

Other names the creditor used with the debtor _____

**2. Has this claim been acquired from someone else?**
☑ No
☐ Yes. From whom? _____

**3. Where should notices and payments to the creditor be sent?**

Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

Where should notices to the creditor be sent?
Lake Barrington Shores Condominium Six HOA

Name
Keay & Costello, P.C.
128 S. County Farm Road
Wheaton, IL 60187

Contact phone  630-690-6446
Contact email  ben@keaycostello.com

Where should payments to the creditor be sent? (if different)

Name _____

Contact phone _____
Contact email _____

Uniform claim identifier for electronic payments in chapter 13 (if you use one):
_____

**4. Does this claim amend one already filed?**
☑ No
☐ Yes. Claim number on court claims registry (if known) _____   Filed on _____
MM / DD / YYYY

**5. Do you know if anyone else has filed a proof of claim for this claim?**
☑ No
☐ Yes. Who made the earlier filing? _____

Official Form 410                    Proof of Claim                    page 1

**Part 2:** Give Information About the Claim as of the Date the Case Was Filed

| | |
|---|---|
| 6. Do you have any number you use to identify the debtor? | ☑ No<br>☐ Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor: _____ |
| 7. How much is the claim? | $ 1963.28      **Does this amount include interest or other charges?**<br>☐ No<br>☑ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A). |
| 8. What is the basis of the claim? | Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card. Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).<br>Limit disclosing information that is entitled to privacy, such as healthcare information.<br><br>Association common expense |
| 9. Is all or part of the claim secured? | ☐ No<br>☑ Yes. The claim is secured by a lien on property.<br>**Nature of property:**<br>☑ Real estate.    If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410-A) with this *Proof of Claim*.<br>☐ Motor vehicle<br>☐ Other. Describe: _____<br><br>**Basis for perfection:**    Association lien<br>Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)<br><br>**Value of property:**    $ 200000.00<br>**Amount of the claim that is secured:**    $ 1963.28<br>**Amount of the claim that is unsecured:**    $ 0.00    (The sum of the secured and unsecured amounts should match the amount in line 7.)<br><br>**Amount necessary to cure any default as of the date of the petition:**    $ _____<br><br>**Annual Interest Rate** (when case was filed)    _____ %<br>☑ Fixed<br>☐ Variable |
| 10. Is this claim based on a lease? | ☑ No<br>☐ Yes. Amount necessary to cure any default as of the date of the petition. $ _____ |
| 11. Is this claim subject to a right of setoff? | ☑ No<br>☐ Yes. Identify the property: _____ |

Official Form 410        Proof of Claim        page 2

| 12. Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)? | ☑ No<br>☐ Yes. *Check all that apply:* | Amount entitled to priority |
|---|---|---|
| A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority. | ☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B). | $ |
| | ☐ Up to $2,850* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7). | $ |
| | ☐ Wages, salaries, or commissions (up to $12,850*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4). | $ |
| | ☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8). | $ |
| | ☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5). | $ |
| | ☐ Other. Specify subsection of 11 U.S.C. § 507(a)(_) that applies | $ |
| | * Amounts are subject to adjustment on 4/1/19 and every 3 years after that for cases begun on or after the date of adjustment. | |

## Part 3: Sign Below

The person completing this proof of claim must sign and date it. FRBP 9011(b).

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157 and 3571.

Check the appropriate box:

☐ I am the creditor.
☑ I am the creditor's attorney or authorized agent.
☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.
☐ I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this Proof of Claim serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this Proof of Claim and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date   11/15/2018
                   MM / DD / YYYY

/s/ Benjamin J. Rooney
Signature

Print the name of the person who is completing and signing this claim:

Name: Benjamin J. Rooney
      First name   Middle name   Last name

Title:

Company: Keay & Costello, P.C.
Identify the corporate servicer as the company if the authorized agent is a servicer

Address: 128 S. County Farm Road
         Number   Street
         Wheaton, IL 60187
         City   State   ZIP Code

Contact phone: 630-690-6446      Email: ben@keaycostello.com

Owner(s) Name: Joanne Wendel
Balance History For: 380 Oak Hill Rd

Account Number: QFOAKH-0380-01

Current Account Balance: $2,152.44

| Type | Charge Code | Date | Description | Amount | Balance |
|---|---|---|---|---|---|
| | | 11-15-18 (handwritten) | Legal (handwritten) | $300.00 (handwritten) | $1,963.28 (handwritten) |
| | | 10/23/2018 | ACH Payment 2781219 | ($800.00) | $1,663.28 |
| | LC | 10/15/2018 | LATE FEE | $50.00 | $2,463.28 |
| | A1 | 10/01/2018 | ASSOC.FEES - MONTHL | $489.16 | $2,413.28 |
| | | 10/01/2018 | ACH Payment 2656198 | ($800.00) | $1,924.12 |
| | LC | 09/17/2018 | LATE FEE | $50.00 | $2,724.12 |
| | A1 | 09/01/2018 | ASSOC.FEES - MONTHL | $489.16 | $2,674.12 |
| | | 08/28/2018 | ACH Payment 2517295 | ($800.00) | $2,184.96 |
| | LC | 08/15/2018 | LATE FEE | $50.00 | $2,984.96 |
| | A1 | 08/01/2018 | ASSOC.FEES - MONTHL | $489.16 | $2,934.96 |
| | LC | 07/16/2018 | LATE FEE | $50.00 | $2,445.80 |
| | A1 | 07/01/2018 | ASSOC.FEES - MONTHL | $489.16 | $2,395.80 |
| | | 06/28/2018 | ACH Payment 2265983 | ($50.00) | $1,906.64 |
| | LC | 06/15/2018 | LATE FEE | $50.00 | $1,956.64 |
| | | 06/13/2018 | ACH Payment 2247531 | ($50.00) | $1,906.64 |
| | A1 | 06/01/2018 | ASSOC.FEES - MONTHL | $489.16 | $1,956.64 |
| | LC | 05/15/2018 | LATE FEE | $50.00 | $1,467.48 |
| | | 05/02/2018 | ACH Payment 2070133 | ($50.00) | $1,417.48 |
| | A1 | 05/01/2018 | ASSOC.FEES - MONTHL | $489.16 | $1,467.48 |
| | | 04/16/2018 | ACH Payment 2020857 | ($100.00) | $978.32 |
| | LC | 04/16/2018 | LATE FEE | $50.00 | $1,078.32 |
| | A1 | 04/01/2018 | ASSOC.FEES - MONTHL | $489.16 | $1,028.32 |
| | LC | 03/15/2018 | LATE FEE | $50.00 | $539.16 |
| | A1 | 03/01/2018 | ASSOC.FEES - MONTHL | $489.16 | $489.16 |
| | | 02/13/2018 | ACH Payment 1786275 | ($489.16) | $0.00 |
| | A1 | 02/01/2018 | ASSOC.FEES - MONTHL | $489.16 | $489.16 |
| | | 01/11/2018 | ACH Payment 1675008 | ($489.16) | $0.00 |
| | A1 | 01/01/2018 | ASSOC.FEES - MONTHL | $489.16 | $489.16 |
| | | 12/12/2017 | ACH Payment 1566845 | ($483.36) | $0.00 |
| | A1 | 12/01/2017 | ASSOC.FEES - MONTHL | $483.36 | $483.36 |
| | | 11/13/2017 | ACH Payment 1470503 | ($483.36) | $0.00 |

**The account balance shown may not reflect all recent charges, fees or credits applied to your account and should not be used or relied upon for account verification purposes.**

ORIGINAL

416826

# DECLARATION OF CONDOMINIUM OWNERSHIP

## FOR

## LAKE BARRINGTON SHORES

## CONDOMINIUM SIX

This document was prepared by Samuel M. Lanoff and James E. McParland, Attorneys at Law, One First National Plaza, Suite 2700, Chicago, Illinois 60603    346-3055

1959582

perform all acts as in manner and form may be necessary to effect such sale, provided, however, that any Unit Owner who did not vote in favor of such action and who has filed written objection thereto with the Board within twenty (20) days after the date of the meeting at which such sale was approved shall be entitled to receive from the proceeds of such sale an amount equivalent to the value of his interest, as determined by a fair appraisal, less the amount of any unpaid assessments or charges due and owing from such Unit Owner. In the absence of agreement on an appraiser such Unit Owner and the Board may each select an appraiser, and the two so selected shall select a third, and the fair market value, as determined by a majority of the three so selected, shall control. If either party shall fail to select an appraiser, then the one designated by the other party shall make the appraisal.

### ARTICLE XII     REMEDIES ON DEFAULT

In the event of any default by any Unit Owner under the provisions of the Act, this Declaration, By-Laws or rules and regulations of the Board, the Board or its agents, shall have each and all of the rights and remedies which may be provided for in the Act, Declaration, By-Laws or said rules and regulations or which may be available at law or in equity, and may prosecute any action or other proceedings against such defaulting Unit Owner and/or others for enforcement of any lien and the appointment of a receiver for the Unit and ownership interest of such Unit Owner, or for damages or injunction or specific performance, or for judgment for payment of money and collection thereof, or the eviction of the Unit Owner and the right to take possession of the Unit and to sell the same as hereinafter in this paragraph provided.

1959582

-27-

or as provided by law, or for any combination of remedies, or for any other relief. All expenses of the Board in connection with any such actions or proceedings, including court costs and attorneys' fees and other fees and expenses and all damages, liquidated or otherwise, together with interest thereon at the rate of seven (7%) percent per annum until paid, shall be charged to and assessed against such defaulting Unit Owner, and shall be added to and deemed part of his respective share of the Common Expenses, and the Board shall have a lien for all of the same, as well as for non-payment of his respective share of the Common Expenses, upon the Unit Ownership interest in the Common Elements of such defaulting Unit Owner and upon all of his additions and improvements thereto and upon all of his personal property in his Unit or located elsewhere on the property. In the event of any such default by any Unit Owner, the Board and the manager or managing agent, if so authorized by the Board, shall have the authority to correct such default, and to do whatever may be necessary for such purpose, and all expenses in connection therewith shall be charged to and assessed against such defaulting Unit Owner. Any and all such rights and remedies may be exercised at any time and from time to time, cumulatively or otherwise, by the Board.

If any Unit Owner (either by his own conduct or by the conduct of any other occupant of his Unit) shall violate any of the covenants or restrictions or provisions of this Declaration or the regulations adopted by the Board, and such violation shall not be cured within thirty (30) days after notice in writing from the Board, or shall reoccur more than once thereafter, then the Board shall have the power to issue to said defaulting Unit Owner a ten (10) day notice in writing to terminate the rights of the said defaulting Unit Owner to continue as a Unit Owner

1959582

-28-

and to continue to occupy, use or control his Unit, and thereupon an action at law for eviction, or in equity, may be filed by the Board against said defaulting Unit Owner for a decree of mandatory injunction against said defaulting Unit Owner or occupant or (subject to the prior consent in writing of any mortgagee having a security interest in the Unit Ownership of said defaulting Unit Owner, which consent shall not be unreasonably withheld), in the alternative, for a decree declaring the termination of said defaulting Unit Owner's right to occupy, use or control the Unit owned by him on account of said violation, and ordering that all the right, title and interest of said defaulting Unit Owner in the Property shall be sold (subject to the lien of any existing mortgage) at a judicial sale upon such notice and terms as the court shall determine, except that the court shall enjoin and restrain the said defaulting Unit Owner from reacquiring his interest at such judicial sale. The proceeds of any such judicial sale shall first be paid to discharge court costs, court reporter charges, reasonable attorneys' fees and all other expenses of the proceeding and sale, and all such items shall be taxed against said defaulting Unit Owner in said decree. Any balance of proceeds, after satisfaction of such charges and any unpaid assessments hereunder or any liens, shall be paid to said defaulting Unit Owner. Upon the confirmation of such sale, the purchaser shall thereupon be entitled to a deed to the Unit, and the Unit Owner's corresponding percentage of ownership in the Common Elements, and to immediate possession of the Unit sold and may apply to the court for a writ of assistance for the purpose of acquiring such possession, and it shall be a condition of any such sale, and the decree shall so provide, that the purchaser shall take the interest in the Unit Ownership sold subject to this Declaration.

1959582

-29-