# REQUIRED STATEMENT
## TO ACCOMPANY MOTIONS FOR RELIEF FROM STAY

All Cases: Debtor(s) __Joanne C. Wendel__   Case No. __18-28320__   Chapter __13__

All Cases: Moving Creditor __Lake Barrington Shores Condominium Six HOA__   Date Case Filed __10/09/2018__

Nature of Relief Sought: ☑ Lift Stay   ☐ Annul Stay   ☐ Other (describe) _____

Chapter 13: Date of Confirmation Hearing _____ or Date Plan Confirmed __1/14/2019__

Chapter 7: ☐ No-Asset Report Filed on _____
         ☐ No-Asset Report not Filed, Date of Creditors Meeting _____

1. Collateral
   a. ☑ Home
   b. ☐ Car   Year, Make, and Model _____
   c. ☐ Other (describe) _____

2. Balance Owed as of Petition Date $ __Unknown__
   Total of all other Liens against Collateral $ __Unknown__

3. In chapter 13 cases, if a post-petition default is asserted in the motion, attach a payment history listing the amounts and dates of all payments received from the debtor(s) post-petition.

4. Estimated Value of Collateral (must be supplied in *all* cases) $ __200,000.00__

5. Default
   a. ☐ Pre-Petition Default
      Number of months ____   Amount $ _____
   
   b. ☑ Post-Petition Default
      i. ☑ On direct payments to the moving creditor
         Number of months ____   Amount $ __1,292.15__   + accruing assessments, charges, attorney's fees, and costs.
      ii. ☐ On payments to the Standing Chapter 13 Trustee
         Number of months ____   Amount $ _____

6. Other Allegations
   a. ☑ Lack of Adequate Protection § 362(d)(1)
      i. ☐ No insurance
      ii. ☐ Taxes unpaid   Amount $ _____
      iii. ☐ Rapidly depreciating asset
      iv. ☑ Other (describe) __Accruing lien for unpaid association assessments__
   
   b. ☑ No Equity and not Necessary for an Effective Reorganization § 362(d)(2)
   
   c. ☑ Other "Cause" § 362(d)(1)
      i. ☐ Bad Faith (describe) _____
      ii. ☐ Multiple Filings
      iii. ☑ Other (describe) __Default under Movant's Declarations__
   
   d. Debtor's Statement of Intention regarding the Collateral
      i. ☐ Reaffirm   ii. ☐ Redeem   iii. ☐ Surrender   iv. ☑ No Statement of Intention Filed

Date: __April 18, 2019__   _____/s/_____
                                Counsel for Movant

(Rev. 12/21/09)

04/16/2019 12:40 PM  Resident Transaction Report  Page: 1
LAKE BARRINGTON SHORES CONDOMINIUM SIX
Dates 01/01/2000 to 04/16/2019

QF-OAKH  OAK HILL ROAD
Lake Barrington IL  60010

FirstService Residential
21 Christopher Way
Eatontown NJ  07724

| Unit | Space | Resident | Type | Date | CC | Description | Check | Amount | Balance |
|---|---|---|---|---|---|---|---|---|---|
| 0380 | 02 | Joanne Wendel | App# | 218187 | | | Beg Bal | | 0.00 |
| | | 380 Oak Hill Rd | Chg | 11/28/2018 | A1 | Nov18 Assoc fee | | 489.16 | 489.16 |
| | | Lake Barrington IL 60010 | Chg | 11/28/2018 | LC | Nov18 Late fee | | 50.00 | 539.16 |
| | | | Chg | 12/01/2018 | A1 | Dec18 Assoc fee | | 489.16 | 1,028.32 |
| | | | Chg | 12/17/2018 | LC | LATE FEE | | 50.00 | 1,078.32 |
| | | | Pay | 12/20/2018 | | Lckbx Pmt | | -490.00 | 588.32 |
| | | | Chg | 01/01/2019 | A1 | ASSOC.FEES - MONTHLY | | 503.83 | 1,092.15 |
| | | | Chg | 01/15/2019 | LC | LATE FEE | | 50.00 | 1,142.15 |
| | | | Pay | 01/16/2019 | | Lckbx Pmt | | -503.83 | 638.32 |
| | | | Chg | 02/01/2019 | A1 | ASSOC.FEES - MONTHLY | | 503.83 | 1,142.15 |
| | | | Chg | 02/15/2019 | LC | LATE FEE | | 50.00 | 1,192.15 |
| | | | Pay | 02/15/2019 | | Lckbx Pmt | | -503.83 | 688.32 |
| | | | Chg | 03/01/2019 | A1 | ASSOC.FEES - MONTHLY | | 503.83 | 1,192.15 |
| | | | Pay | 03/14/2019 | | Lckbx Pmt | | -503.83 | 688.32 |
| | | | Chg | 03/15/2019 | LC | LATE FEE | | 50.00 | 738.32 |
| | | | Chg | 04/01/2019 | A1 | ASSOC.FEES - MONTHLY | | 503.83 | 1,242.15 |
| | | | Chg | 04/15/2019 | LC | LATE FEE | | 50.00 | 1,292.15 |
| | | | | | | | End Bal | | 1,292.15 |

*[Handwritten]:* 4-18-19 BK legal fee - Lift Stay  881.00  2,173.15

Case 18-28320  Doc 29-2  Filed 04/18/19  Entered 04/18/19 15:01:27  Desc
Statement Accompanying Relief From Stay  Page 3 of 6

Page 2 of 30

ORIGINAL

416826

# DECLARATION OF CONDOMINIUM OWNERSHIP

## FOR

## LAKE BARRINGTON SHORES

## CONDOMINIUM SIX

This document was prepared by Samuel M. Lanoff and James E. McParland, Attorneys at Law, One First National Plaza, Suite 2700, Chicago, Illinois 60603    346-3055

1959582

Case 18-28320   Doc 29-2   Filed 04/18/19   Entered 04/18/19 15:01:27   Desc
Statement Accompanying Relief From Stay   Page 4 of 6

Page 1 of 30

perform all acts as in manner and form may be necessary to effect such sale, provided, however, that any Unit Owner who did not vote in favor of such action and who has filed written objection thereto with the Board within twenty (20) days after the date of the meeting at which such sale was approved shall be entitled to receive from the proceeds of such sale an amount equivalent to the value of his interest, as determined by a fair appraisal, less the amount of any unpaid assessments or charges due and owing from such Unit Owner. In the absence of agreement on an appraiser such Unit Owner and the Board may each select an appraiser, and the two so selected shall select a third, and the fair market value, as determined by a majority of the three so selected, shall control. If either party shall fail to select an appraiser, then the one designated by the other party shall make the appraisal.

ARTICLE XII          REMEDIES ON DEFAULT

In the event of any default by any Unit Owner under the provisions of the Act, this Declaration, By-Laws or rules and regulations of the Board, the Board or its agents, shall have each and all of the rights and remedies which may be provided for in the Act, Declaration, By-Laws or said rules and regulations or which may be available at law or in equity, and may prosecute any action or other proceedings against such defaulting Unit Owner and/or others for enforcement of any lien and the appointment of a receiver for the Unit and ownership interest of such Unit Owner, or for damages or injunction or specific performance, or for judgment for payment of money and collection thereof, or the eviction of the Unit Owner and the right to take possession of the Unit and to sell the same as hereinafter in this paragraph provided.

1959582

-27-

Case 18-28320    Doc 29-2    Filed 04/18/19    Entered 04/18/19 15:01:27    Desc
Statement Accompanying Relief From Stay    Page 5 of 6

Page 2 of 30

or as provided by law, or for any combination of remedies, or for any other relief. All expenses of the Board in connection with any such actions or proceedings, including court costs and attorneys' fees and other fees and expenses and all damages, liquidated or otherwise, together with interest thereon at the rate of seven (7%) percent per annum until paid, shall be charged to and assessed against such defaulting Unit Owner, and shall be added to and deemed part of his respective share of the Common Expenses, and the Board shall have a lien for all of the same, as well as for non-payment of his respective share of the Common Expenses, upon the Unit Ownership interest in the Common Elements of such defaulting Unit Owner and upon all of his additions and improvements thereto and upon all of his personal property in his Unit or located elsewhere on the property. In the event of any such default by any Unit Owner, the Board and the manager or managing agent, if so authorized by the Board, shall have the authority to correct such default, and to do whatever may be necessary for such purpose, and all expenses in connection therewith shall be charged to and assessed against such defaulting Unit Owner. Any and all such rights and remedies may be exercised at any time and from time to time, cumulatively or otherwise, by the Board.

If any Unit Owner (either by his own conduct or by the conduct of any other occupant of his Unit) shall violate any of the covenants or restrictions or provisions of this Declaration or the regulations adopted by the Board, and such violation shall not be cured within thirty (30) days after notice in writing from the Board, or shall reoccur more than once thereafter, then the Board shall have the power to issue to said defaulting Unit Owner a ten (10) day notice in writing to terminate the rights of the said defaulting Unit Owner to continue as a Unit Owner

1959582

-28-

Case 18-28320 Doc 29-2 Filed 04/18/19 Entered 04/18/19 15:01:27 Desc
Statement Accompanying Relief From Stay Page 6 of 6

Page 4 of 30

and to continue to occupy, use or control his Unit, and thereupon an action at law for eviction, or in equity, may be filed by the Board against said defaulting Unit Owner for a decree of mandatory injunction against said defaulting Unit Owner or occupant or (subject to the prior consent in writing of any mortgagee having a security interest in the Unit Ownership of said defaulting Unit Owner, which consent shall not be unreasonably withheld), in the alternative, for a decree declaring the termination of said defaulting Unit Owner's right to occupy, use or control the Unit owned by him on account of said violation, and ordering that all the right, title and interest of said defaulting Unit Owner in the Property shall be sold (subject to the lien of any existing mortgage) at a judicial sale upon such notice and terms as the court shall determine, except that the court shall enjoin and restrain the said defaulting Unit Owner from reacquiring his interest at such judicial sale. The proceeds of any such judicial sale shall first be paid to discharge court costs, court reporter charges, reasonable attorneys' fees and all other expenses of the proceeding and sale, and all such items shall be taxed against said defaulting Unit Owner in said decree. Any balance of proceeds, after satisfaction of such charges and any unpaid assessments hereunder or any liens, shall be paid to said defaulting Unit Owner. Upon the confirmation of such sale, the purchaser shall thereupon be entitled to a deed to the Unit, and the Unit Owner's corresponding percentage of ownership in the Common Elements, and to immediate possession of the Unit sold and may apply to the court for a writ of assistance for the purpose of acquiring such possession, and it shall be a condition of any such sale, and the decree shall so provide, that the purchaser shall take the interest in the Unit Ownership sold subject to this Declaration.

1959582